[No. 14088. Department One. January 18, 1918.]

M. ELIZABETH ANDERSON et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

NEW TRIAL—MISCONDUCT OF PARTY. It is not an abuse of discretion to refuse defendant a new trial for false testimony of the plaintiff as to the date of her marriage affecting only her credibility, where it did not prejudice the defendant but was rather unfavorable to the plaintiff.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 9, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Hugh M. Caldwell* and *Frank S. Griffith*, for appellant.

*J. P. Ball* and *Wm. T. C. Ball*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries sustained by one of the plaintiffs, M. Elizabeth Anderson, on account of the negligence of the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $100. Motion for a new trial being made and overruled, judgment was entered upon the verdict. The defendant appeals.

One of the grounds stated in the motion for a new trial, and the only one here necessary to notice, was misconduct of the prevailing party. The misconduct complained of was the false testimony of Mrs. Anderson upon a matter which affected her credibility only. The negligence of the city, the fact of the injury, and the extent thereof were established by the testimony of disinterested witnesses. If the testimony of Mrs. Anderson were disregarded in its entirety, the evidence would sustain a more substantial recovery than that

[1] Reported in 169 Pac. 964.

awarded by the jury.   The appellant offered no evidence up-
on the trial in its own behalf.   The cross-examination of Mrs.
Anderson made it very apparent that she was not telling the
truth as to the date of her marriage.   The trial court was of
the opinion that this gave an unfavorable aspect to the case
and caused the failure to recover more than the amount men-
tioned.   It was not an abuse of discretion on the part of the
trial judge to decline to grant the motion for a new trial.
It must be remembered that this is not a case where the false
testimony related to any material fact which was essential
to a recovery or the amount thereof.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ.,
concur.